UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TIMOTHY and IRINA CAYWARD,

               Plaintiffs,

     v.

HSBC BANK USA, NATIONAL
ASSOCIATION,

               Defendant.

CASE NO. C12-1402MJP

DISMISSAL ORDER

      This matter comes before the Court on the motion to dismiss brought by Defendant

HSBC Bank USA, National Association. (Dkt. No. 3.) Having reviewed the motion, Plaintiffs'

opposition (Dkt. No. 6), Defendant's reply (Dkt. No. 7), and the remaining record, the Court

GRANTS Defendant's motion and DISMISSES this matter with prejudice.

**Background**

      This case relates to the foreclosure of Plaintiff's single-family residence in Redmond,

Washington. (Dkt. No. 1 at 9.) In April 2006, Plaintiffs borrowed $395,000 from American

Brokers Conduit for the purchase of their home. (Id.) Plaintiffs fell behind on their payments,

1   and in December 2009, they were served with a notice of default, which named Mortgage

2   Electronic Registration Systems, Inc. ("MERS") as the authorized agent for the then-servicer of

3   the loan, American Home Mortgage Servicing, Inc. ("AHMSI"). (Id.)

4          In July 2010, Plaintiffs filed a complaint in King County Superior Court against MERS,

5   AHMSI, and Fidelity National Title Insurance Company ("Fidelity"), which was named as the

6   successor trustee to the deed of trust. (Dkt. No. 3 at 3); King County Superior Court, Case No.

7   10-2-24050-1 SEA.  The complaint in the state court action alleged that AHMSI violated its duty

8   of good faith and fair dealing by denying Plaintiffs' request for a loan modification, and that

9   Fidelity violated the Washington Deed of Trust Act by refusing to guarantee postponement of the

10  trustee's sale. (Dkt. No. 3 at 4.)

11         Plaintiffs first sought an order to enjoin the foreclosure, which the state court denied. (Id.)

12  The trustee's sale of the Redmond residence occurred on August 20, 2010, where the property

13  was sold to a third party. (Dkt. No. 1 at 10.) On November 2, 2010, Plaintiffs agreed to dismiss

14  the state court action against MERS and AHMSI with prejudice. (Dkt. No. 3 at 4.) The pleadings

15  do not indicate whether a settlement was reached or whether Plaintiffs dismissed the case

16  because they believed it to be moot. (See Dkt. No. 6 at 4 and Dkt. No. 7 at 6.)

17         Plaintiffs filed the present action on August 20, 2012, alleging that Defendant HSBC

18  unlawfully foreclosed Plaintiffs' property because no assignment of the deed of trust to AHMSI

19  was ever recorded and because MERS was not the true beneficiary under the loan and so could

20  not initiate foreclosure proceedings. (Dkt. No. 1 at 9-10.) Plaintiffs' present complaint expressly

21  states that MERS, a defendant in the state court action, was acting on behalf of HSBC when it

22  instituted the foreclosure action. (Id. at 10.) In addition to their individual claims, Plaintiffs seek

23

24

1  to represent a national class of all persons against whom HSBC initiated and completed a

2  foreclosure process, either on its own behalf or as a trustee. (Id. at 11.)

3       Defendant asks the Court to dismiss this action because this action is barred by claim

4  preclusion. (Dkt. No. 3 at 6.) Defendants also ask the Court to dismiss this action because

5  Plaintiffs fail to assert necessary elements of their wrongful foreclosure and Consumer Protection

6  Act claims. (Id. at 11-15.)

7                                                 **Discussion**

8    A.  Legal Standards

9       To survive a motion to dismiss under Federal Rule 12(b)(6), a plaintiff's factual

10  allegations "must be enough to raise a right to relief above the speculative level . . . ." Bell

11  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While a complaint attacked by a Rule

12  12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

13  provide the grounds of his entitlement to relief requires more than labels and conclusions, and a

14  formulaic recitation of the elements of a cause of action will not do. Id. (citations omitted). In

15  deciding a motion to dismiss under Rule 12(b)(6), all material allegations of the complaint are

16  accepted as true, as well as all reasonable inferences to be drawn from them. Navarro v. Block,

17  250 F.3d 729, 732 (9th Cir. 2001).

18       Res judicata, or claim preclusion, bars any later suit on claims that were raised or could

19  have been raised in a prior action. Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713

20  (9th Cir. 2001) (citations omitted). The doctrine is applicable whenever there is "(1) an identity

21  of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." Id.

22  "The central criterion in determining whether there is an identity of claims between the first and

23  second adjudications is 'whether the two suits arise out of the same transactional nucleus of

24  facts.'" Id. at 714 (quoting Frank v. United Airlines, Inc., 216 F.3d 845, 851 (9th Cir. 2000)).

1    Where, as here, federal jurisdiction is based upon diversity of citizenship, the district

2    court must apply the substantive law of the forum state, including the law pertaining to res

3    judicata. See Priest v. American Smelting & Refining Co., 409 F.2d 1229, 1231 (9th Cir. 1969).

4    In Washington, "[t]he doctrine of res judicata requires a concurrence of identity in four respects:

5    (1) subject matter; (2) cause of action; (3) persons and parties; and (4) the quality of the persons

6    for or against whom the claim is made." Schoeman v. New York Life Ins. Co., 106 Wn.2d 855,

7    858 (1986). Res judicata applies to matters actually litigated as well as those that "could have

8    been raised, and in the exercise of reasonable diligence should have been raised, in the prior

9    proceeding." Kelly-Hansen v. Kelly-Hansen, 87 Wn. App. 320, 329 (1997).

10    B.  Identity of Parties and Quality of Persons

11    Although the named defendant in this action, HSBC, was not named in the prior action,

12    the parties are the same for res judicata purposes. "Identity of parties is not a mere matter of

13    form, but of substance . . . Parties nominally different may be, in legal effect, the same." Rains v.

14    State, 100 Wn.2d 660, 664 (1983) (citations omitted). Different defendants constitute the same

15    party for res judicata purposes if they are in privity. Feature Ralty, Inc. v. Kirkpatrick &

16    Lockhart Preston Gates Ellis, LLP, 161 Wn.2d 214, 224 (2007). "A nonparty is in privity with a

17    party if that party adequately represented the nonparty's interest in the prior proceeding." Id.

18    Here, Defendant HSBC is in privity with the named defendants in the prior action, including

19    MERS, because MERS was HSBC's agent for the subject foreclosure. (Dkt. No. 7 at 3.)

20    Plaintiff's assertion that "they had no idea that HSBC was even involved in their loan until after

21    the sale when they obtained other counsel" does not negate the fact that MERS acted as HSBC's

22    agent in the subject transaction. (Dkt. No. 6 at 3.) HSBC and MERS were in privity in the prior

23    state court action, so identity of parties exists with regard to the present action.

24

DISMISSAL ORDER- 4

1    The quality of the persons for or against whom the claim is made is also the same in both

2    actions. See Ensley v. Pitcher, 152 Wn.App. 891, 906 (2009) (explaining that "the identity and

3    quality of parties" requirement is better understood as a determination of who is bound by the

4    first judgment—all parties to the litigation plus all persons in privity with such parties). Because

5    HSBC is in privity with MERS, HSBC is bound by the first judgment. Id.

6    C.  Same Causes of Action and Subject Matter

7    Res judicata also applies because the causes of action are the same in both cases. Two

8    causes of action are identical for purposes of res judicata if (1) prosecution of the later action

9    would impair the rights established in the earlier action, (2) the evidence in both actions is

10    substantially the same, (3) infringement of the same right is alleged in both actions, and (4) the

11    actions arise out of the same nucleus of facts. Civil Serv. Comm'n v. City of Kelso, 137 Wn.2d

12    166, 171 (1999). The first criterion is met because the present action seeks to impair Defendant's

13    right to foreclose on Plaintiffs' property, which was established by the stipulated dismissal with

14    prejudice of "all claims between them in this matter." (Dkt. No. 3 at 9.) The second criterion is

15    met because the evidence—facts related to the loan, the deed of trust, and the foreclosure sale—

16    is the same in both cases. (Id.) The third criterion is met because both actions assert infringement

17    of Plaintiff's right not to have their property foreclosed upon. (Id.) The fourth criterion is met

18    because, since both actions arise out of the same loan and the same foreclosure, they both arise

19    out of the same nucleus of facts. (Id.) Therefore, the causes of action are identical.

20    The subject matter of both cases is also the same, because in both cases Plaintiffs allege

21    that HSBC and its agents were not legally entitled to foreclose on the property because the

22    assignments purporting to give them authority to do so were invalid. This satisfies the third

23    element of the res judicata test. See, e.g., Dunn v. Lehman Bros. Bank, F.S.B., Case No. C10-

24    5133RBL, Dkt. No. 10 (W.D. Wash. May 27, 2010) (complaints of fraud and other irregularities

1  in connection with a mortgage and foreclosure, including an allegation that the foreclosing party

2  did not possess the original note, were the same subject matter for res judicata purposes).

3      D.  Final Judgment on the Merits

4          The stipulated dismissal with prejudice of the state court action here represents a final

5  judgment on the merits for res judicata purposes. In Washington, a "final judgment on the

6  merits" requires only "that the status of the action was such that the parties might have had their

7  suit thus disposed of, if they had properly presented and managed their respective cases."

8  Pederson v. Potter, 103 Wn. App. 62, 70 (2000). A resolution is considered "on the merits" if the

9  plaintiff knew of his potential claims and had an opportunity to have his claims heard, but for

10 whatever reason, chose not to do so. Id. at 71. Here, Plaintiffs could have and should have

11 asserted their claims related to the foreclosure in the state court action. (Dkt. No. 7 at 6.)

12 Plaintiffs chose not to do so, so they are now barred from re-opening their state court case. (Id.)

13         Plaintiffs' argument that their state court action was not fully adjudicated because it

14 ended with a stipulated dismissal fails as a matter of law. "[A] final order or judgment, settled

15 and entered by agreement or consent of the parties, is no less effective as a bar or estoppel than

16 one which is rendered upon contest and trial, unless, of course, the judgment has been obtained

17 through fraud or mistake. Le Bire v. Dep't of Labor & Indus., 14 Wn.2d 407, 418 (1942). Here,

18 Plaintiffs entered a stipulation in the state court action agreeing to dismiss all claims between

19 them with prejudice. (Dkt. No. 4-1 at 33-34.) There is no assertion of fraud. (Id.) The stipulation

20 is sufficient to constitute a final judgment on the merits for res judicata purposes. See, e.g.,

21 Larken, Inc. v. Wray, 189 F.3d 729, 732 (8th Cir. 1999) ("When the parties to a previous lawsuit

22 agree to dismiss a claim with prejudice, such a dismissal constitutes a 'final judgment on the

23 merits' for purposes of res judicata."); Chase Manhattan Bank, N.A. v. Celotex Corp., 56 F.3d

24 343, 345 (2d Cir. 1995) ("A voluntary dismissal with prejudice is an adjudication on the merits

1   for purposes of res judicata.") Because Plaintiffs' state court case ended with a stipulated

2   dismissal, the present case is barred by res judicata.

3                                    **Conclusion**

4          Because Plaintiffs' complaint is identical in all relevant respects to their state court

5   complaint, and that complaint was dismissed with prejudice, the current action is barred by res

6   judicata and is DISMISSED with prejudice. Because this action is barred, the Court will not

7   address the deficiencies of Plaintiffs' wrongful foreclosure and Consumer Protection Act claims.

8          The clerk is ordered to provide copies of this order to all counsel.

9          Dated this 31st day of January, 2013.

10

11

12

        Marsha J. Pechman
13      United States District Judge

14

15

16

17

18

19

20

21

22

23

24

DISMISSAL ORDER- 7